UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CONNIE FREESE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | )   1:18-cv-4016-JMS-MPB |
| *vs.* | ) |
| | ) |
| HONDA MANUFACTURING OF INDIANA, LLC, | ) |
| | ) |
| *Defendant.* | ) |

# ORDER

At the October 5, 2020 final pre-trial conference, the Court took under advisement certain objections by Defendant Honda Manufacturing of Indiana, LLC ("HMIN") to Plaintiff Connie Freese's Witness List, [Filing No. 58], and Exhibit List, [Filing No. 59], as well as some issues raised in HMIN's Motion in Limine, [Filing No. 66]. This Order addresses those outstanding matters.

## I.
### PROPOSED WITNESS PATTY HOWARD

Ms. Freese listed former HMIN employee Patty Howard on her Trial Witness List. [Filing No. 58 at 1.] At summary judgment, Ms. Freese submitted an affidavit by Ms. Howard, which the Court excluded, concluding that Ms. Freese had not properly disclosed Ms. Howard as a witness and had not made any argument that the failure to disclose was substantially justified or harmless. [Filing No. 48 at 18-19.]

HMIN objects to Ms. Howard's inclusion on the witness list, [Filing No. 74], and seeks in its Motion in Limine to exclude Ms. Howard's testimony from trial, [Filing No. 67 at 8-9]. Specifically, HMIN argues that Ms. Howard should not be permitted to testify because she was not disclosed as a witness during discovery. [Filing No. 67 at 8-9; Filing No. 74 at 1-2.]

1

In response, Ms. Freese argues that Ms. Howard's testimony was offered at summary judgment in place of testimony from Ken Delbridge, another HMIN employee, who was identified during discovery but was unavailable at the summary judgment stage. [Filing No. 73 at 4.] Ms. Freese further argues that, because HMIN never sought to depose Mr. Delbridge, it is unlikely that HMIN would have deposed Ms. Howard, and because HMIN is aware of the contents of Ms. Howard's affidavit offered at summary judgment, it will not be unfairly surprised by the content of her testimony at trial. [Filing No. 73 at 4.] At the final pre-trial conference, Ms. Freese also argued that Ms. Howard was not disclosed during discovery because at that time, Ms. Howard was unavailable by virtue of being employed by HMIN and because she faced losing lose her job if she testified, but she has since retired and become available.

"If a party fails to provide information or identify a witness [in the Initial Disclosure or during discovery] as required by [Federal Rule of Civil Procedure] 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was justified or harmless." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004) (citing *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996)).

Here, Ms. Freese has not made the required showing of justification or harmlessness to prevent the exclusion of Ms. Howard's testimony. Ms. Howard's employment with HMIN did not render her unavailable to serve as a witness, did not preclude Ms. Freese from disclosing Ms. Howard as a potential witness, and would not have precluded Ms. Howard from testifying. Ms.

Freese has therefore not offered a substantial justification for failing to disclose Ms. Howard at the appropriate time.[1]

Furthermore, the Court cannot say that the failure to disclose Ms. Howard was harmless. Regardless of whether HMIN would have elected to depose Ms. Howard, it was deprived of the opportunity to do so. It was also unable to investigate Ms. Howard's potential relationship to this case through its other discovery efforts or the deposition of Ms. Freese.

For these reasons, HMIN's objection to Ms. Freese's Witness List regarding Ms. Howard is **SUSTAINED** and HMIN's Motion in Limine is **GRANTED** to the extent that Ms. Howard will not be permitted to testify at trial.

## II.
### MS. FREESE'S PROPOSED EXHIBIT 5 (THE YOUTUBE VIDEO)

Ms. Freese included on her Trial Exhibit List a YouTube video "depicting [the] assembly line manufacturing process at [HMIN]'s Greensburg, Indiana plant." [Filing No. 59 at 1.] Ms. Freese also attempted to submit this video at summary judgment, but the Court excluded it based on Ms. Freese's failure to disclose it during discovery and her lack of argument demonstrating why such failure was substantially justified or harmless. [Filing No. 48 at 18-19.]

HMIN objects to Ms. Freese's inclusion of the YouTube video on her exhibit list, [Filing No. 75 at 2-4], and seeks in its Motion in Limine to exclude the video from trial, [Filing No. 67 at 8-9]. HMIN argues that the video was not properly disclosed during discovery. [Filing No. 67 at 8-9; Filing No. 75 at 3.] HMIN also asserts that the video should be excluded because Ms. Freese cannot properly authenticate it, it is not relevant, and any limited probative value it may

---

[1] The Court notes that co-workers are frequently witnesses in employment cases, and their engagement might well be considered a protected activity.

3

have is outweighed by the risk of unfair prejudice and confusion of the issues. [Filing No. 67 at 9; Filing No. 75 at 3-4.]

In response, Ms. Freese argues that she can authenticate the video by testifying that it accurately depicts the interior of HMIN's Greensburg factory and the assembly line on which she worked. [Filing No. 73 at 4.] She asserts that the law does not require her to have knowledge of who produced or uploaded the video, and it is sufficient for her to testify that the video is an accurate depiction of plant operations. [Filing No. 73 at 4.]

The Court need not determine whether Ms. Freese could properly authenticate the YouTube video because the video was not properly disclosed during discovery. Ms. Freese offers no explanation for the failure to disclose the video and does not offer any argument that the failure was substantially justified. Although she suggested in her argument at the final pre-trial conference that HMIN will not be unfairly surprised by the video because she attempted to introduce it at summary judgment, the Court cannot say that the failure to disclose was harmless. Because the video was not properly disclosed, HMIN was deprived of the opportunity to conduct discovery to determine, for example, who produced and uploaded the video and for what purpose and whether the video was altered prior to being uploaded.

HMIN's objection to Ms. Freese's Exhibit List as it relates to the YouTube video is **SUSTAINED**, and HMIN's Motion in Limine is **GRANTED** to the extent that the YouTube video may not be admitted at trial.

### III.
### MS. FREESE'S PROPOSED EXHIBIT 6 (THE OPERATING MANUAL)

Ms. Freese listed on her Trial Exhibit List the "[o]perating manual describing the movements and physical activities required for Freese's work on [HMIN]'s C4 assembly line." [Filing No. 59 at 1.]

4

HMIN objects to this proposed exhibit on several grounds. [Filing No. 75 at 4-6.] First, HMIN argues that the manual cannot be properly authenticated because: (1) the document is not in the typical format HMIN generally uses for operation standards, and instead is in a format akin to a PowerPoint Presentation; (2) it is unclear who specifically gave the document to Ms. Freese and in what context; and (3) it is unclear whether the document has been altered. [Filing No. 75 at 5.] HMIN also argues that the manual is irrelevant because: (1) the main issue in this case is whether Ms. Freese was capable of performing her job as a Process Associate, and the manual says nothing about the physical requirements of the various processes involved in that job; and (2) the manual was revised in March 2015 and therefore contains out-of-date information. [Filing No. 75 at 5-6.] Finally, HMIN asserts that "its operation standards are highly confidential documents that are not permitted to be taken outside the Greensburg, Indiana facility," and this particular document was marked as confidential pursuant to a Protective Order issued earlier in this case. [Filing No. 75 at 6 (citing Filing No. 36).]

At the final pre-trial conference, Ms. Freese argued that the manual describes one of the processes she worked on prior to her injury and will assist her in describing that job and in explaining why, despite the job's physical requirements, she could do the job without violating her physical restrictions.

The Court has viewed Ms. Freese's proposed Exhibit 6 in connection with ruling on this objection. However, without the benefit of hearing testimony from Ms. Freese or another witness she might call to address the issues of relevancy and authentication, the Court cannot determine the admissibility of the manual at this time. HMIN's objection to this exhibit is therefore **OVERRULED without prejudice**. HMIN may renew its objection to this exhibit at trial, and Ms. Freese will be required to lay the proper foundation concerning relevancy and

authenticity. If the exhibit is ultimately admitted, the Court will discuss with the parties at that time whether and to what extent measures should be taken to ensure the document's confidentiality.

## IV.
### EVIDENCE REGARDING A FAILURE-TO-ACCOMMODATE CLAIM PREMISED ON MS. FREESE'S PLACEMENT ON LEAVE

HMIN argues that "any argument about HMIN placing [Ms.] Freese on leave as opposed to providing her with another form of accommodation – including any testimony, evidence, or argument regarding any alleged damages from being on leave – must be excluded at trial." [Filing No. 67 at 11.] Specifically, HMIN asserts that because placement on administrative leave is a discrete action that occurred more than 300 days prior to Ms. Freese's filing of charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), a failure-to-accommodate claim based on her placement on leave is time-barred. [Filing No. 67 at 9-11 (citing, *inter alia*, *Teague v. Nw. Mem'l Hosp.*, 492 F. App'x 680, 684 (7th Cir. 2012)).]

In response, Ms. Freese "acknowledges that her claims are time-barred for anything prior to 300 days before the filing of the Charge of Discrimination," including her September 2016 placement on administrative leave, and states that she "does not intend to pursue the placement on the leave of absence as a separate legal claim." [Filing No. 73 at 5.] However, Ms. Freese argues that she should be able to reference her placement on leave in order to describe the events leading up to this lawsuit, because "[t]he jury will not fully understand how she came to be terminated without hearing at least short references to the leave of absence." [Filing No. 73 at 5.]

Both parties are correct that a failure-to-accommodate claim based on placement on administrative leave is time-barred. This is because placing Ms. Freese on leave was a discrete

6

act that occurred in September 2016—which is outside the 300-day window preceding the EEOC charge—regardless of the fact that Ms. Freese remained on leave until her termination. *See Teague*, 492 F. App'x at 684 (stating that "a refusal to accommodate is a discrete act—not an ongoing omission—and therefore the continuing violation doctrine does not apply"). Because Ms. Freese's failure-to-accommodate claim is based on her termination, not her placement on leave, she can only recover damages for her termination, not damages resulting from her placement on leave. Accordingly, evidence of damages resulting from Ms. Freese being on leave—even damages relating to the time she spent on leave within the 300-day window preceding the EEOC charge—is irrelevant to Ms. Freese's claim for damages based on her termination. Any testimony, evidence, or argument regarding any alleged damages resulting from being on leave is inadmissible. However, the Court agrees that reference to being placed on leave will be necessary to fully explain to the jury the events giving rise to this lawsuit.

Based on the foregoing, HMIN's Motion in Limine is **GRANTED IN PART AND DENIED IN PART** as to this issue, to the extent that Ms. Freese will be permitted to reference the fact of being on administrative leave but will not be permitted to introduce any evidence or argument regarding her alleged damages resulting from her placement on leave.

## V.
### CONCLUSION

Based on the foregoing, the Court now makes the following rulings:

- HMIN's objection to proposed witness Patty Howard, [74], is **SUSTAINED** and HMIN's Motion in Limine, [66], is **GRANTED** as to Paragraph 4, to the extent that Patty Howard will not be permitted to testify at trial;

7

- HMIN's objection to the YouTube video, [75], is **SUSTAINED** and HMIN's Motion in Limine, [66], is **GRANTED** as to Paragraph 4, to the extent that the YouTube video will not be admissible at trial;

- HMIN's objection to Ms. Freese's proposed Exhibit 6 is **OVERRULED without prejudice** to it being renewed at trial; and

- HMIN's Motion in Limine, [66], is **GRANTED IN PART AND DENIED IN PART** as to Paragraph 5, to the extent that Ms. Freese will be permitted to reference her administrative leave for the purpose of explaining the events giving rise to this lawsuit, but will not be permitted to introduce evidence or argument concerning damages resulting from her leave or relating to an independent claim premised on her placement on leave.

The Court reminds the parties that all of its evidentiary rulings are preliminary, and if a party believes that the opposing party has opened the door to the precluded evidence, it must ask the Court for leave to present that evidence.

Date: 10/8/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**